Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8346 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Charles Daniels (2010-0809144) vs. Mohammed Mansour, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's renewed motion for leave to proceed *in forma pauperis* (Dkt. No. 33), motion for appointment of counsel (Dkt. No. 32), and motion to examine a medical file (Dkt. No. 30), are denied. The Court certifies that Plaintiff has ongoing litigation in this case and requests that he reasons appropriate law library access. The Clerk is instructed to provide a copy of this order to the Executive Director of the Cook County Jail.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Charles Daniels, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983 alleging that he has not received a necessary surgery while detained at the Jail. The Court previously allowed Plaintiff to proceed with his complaint and the case is in discovery. This order addresses three motions Plaintiff recently brought during discovery.

Plaintiff's renewed motion for leave to proceed *in forma pauperis* (Dkt. No. 33), is denied because he was previously granted IFP status. (Dkt. No. 4).

Plaintiff's motion for appointment of counsel (Dkt. No. 32), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether Plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se Plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff has unsuccessfully attempted to recruit his own counsel. However, the Court concludes that proceeding pro se is within Plaintiff's abilities. He has successfully brought a complaint that states a claim. He has engaged in motion practice including a motion regarding outstanding discovery (discussed below). (Dkt. No. 30). This is a routine conditions of confinement case, a type that is often litigated by pro se detainees. Plaintiff has shown that he is able to effectively represent himself.

Plaintiff also claims that he does not have reasonable law library access at the Jail. The Court

| STATEMENT |
|---|

certifies that Plaintiff has ongoing litigation and requests that he receives reasonable access. The Court reminds Plaintiff that this order is limited to this case. He references his state criminal prosecution when claiming that he lacks law library access. The Court has no authority over his state criminal case. Any concerns as to the state case must be addressed to the state criminal court judge.

Finally, Plaintiff requests a discovery order to the Cook County Health and Hospital System (CCHHS), instructing that they release Plaintiff's full medical records. (Dkt. No. 30). The discovery motion explains that the file is necessary for this case, and CCHHS refused Plaintiff's request because he is an incarcerated individual.

The motion is denied without prejudice. Plaintiff should make the motion to defense counsel in the first instance. Plaintiff is reminded that the general rule is that discovery requests of an opposing party should be made to that party's attorney instead of directly to the party. The parties are also reminded of their responsibility to provide appropriate discovery in accordance with federal rules, and their obligation to attempt to resolve any discovery disputes in good faith among themselves before bringing the matter before the Court.